UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

| | |
|---|---|
| MARKEE MARINE, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>M/Y NEVER STORMY, a 2004 48' Sea Ray Motor Yacht with Hull Identification Number SERP6205E404, its engines, equipment, tackle, furnishings, and other appurtenances, etc., *in rem*,<br><br>  Defendant Vessel. | Case No.  9:24-CV-80804 |

**VERIFIED COMPLAINT**

Plaintiff, Markee Marine, LLC, by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby sues Defendant Vessel, Never Stormy, a 2004 48' Sea Ray Motor Yacht with Hull Identification Number SERP6205E404, its engines, equipment, tackle, furnishings, and other appurtenances, etc., *in rem*, and as grounds in support thereof, states:

**JURISDICTION AND VENUE**

1. This action is brought under the admiralty and maritime jurisdiction of the Court pursuant to Federal Rule of Civil Procedure 9(h) and 28 U.S.C. § 1333.

2. Plaintiff, Markee Marine, LLC, is a Florida limited liability company located at 4900 Dyer Boulevard, Unit B, West Palm Beach, Florida 33407.

3. Defendant Vessel, Never Stormy, is a 2004 48' Sea Ray Motor Yacht with Hull Identification Number SERP6205E404.

4. The Court has personal jurisdiction over the Defendant Vessel based on its location within the United States District Court for the Southern District of Florida.

5. All conditions precedent to filing this action have occurred or been waived.

## FACTUAL ALLEGATIONS

6. Plaintiff furnished labor and materials on the Defendant Vessel.

7. The labor and materials furnished on the Defendant Vessel, included cameras, speakers, and other navigational electronics.

7. The labor and materials were furnished at the direction of the owner or a person authorized by the owner (hereinafter, the "Vessel Owner").

8. The labor and materials were furnished at a reasonable price.

9. The labor and materials were useful to the Defendant Vessel.

10. Plaintiff submitted an invoice for the labor and materials to the Vessel Owner. The invoice is attached hereto as *Exhibit "A"*.

11. The Vessel Owner rejected multiple demands by Plaintiff to pay the invoice.

14. On September 20, 2021, Plaintiff recorded a Notice of Claim of Lien on the Defendant Vessel with the United States Coast Guard. The Notice of Claim of Lien is attached hereto as *Exhibit "B"*.

15. On September 20, 2021, Plaintiff gave notice to the Vessel Owner of the Notice of Claim of Lien. The letter is attached hereto as *Exhibit "C"*.

16. The Vessel Owner prevented Plaintiff from foreclosing its maritime lien by absconding with the Defendant Vessel.

17. The Vessel Owner prevented Plaintiff from foreclosing its maritime lien by concealing the location of the Defendant Vessel.

18. Plaintiff attempted to locate the Defendant Vessel by searching boatyards, marinas, and other marine storage facilities, but these attempts were unsuccessful.

19. Upon information and belief, the Vessel Owner removed the Defendant Vessel from the jurisdiction to frustrate Plaintiff's ability to foreclose its maritime lien.

20. On June 19, 2024, Plaintiff located the Defendant Vessel at Safe Harbor Marina in North Palm Beach, Florida.

21. This is the first time Plaintiff observed the Defendant Vessel since the Vessel Owner removed the vessel.

22. Immediately upon locating the Defendant Vessel, Plaintiff engaged the undersigned counsel to file this action to foreclose its maritime lien.

## COUNT I
## FORECLOSURE OF MARITIME LIEN

23. Plaintiff realleges and incorporates by reference Paragraphs 1-22 herein.

24. Pursuant to 46 U.S.C. § 31342, Plaintiff possesses a maritime lien for necessaries on the Defendant Vessel in the amount of $15,450.53.

25. Pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Plaintiff seeks to foreclose its maritime lien for necessaries.

**WHEREFORE,** Plaintiff, Markee Marine, LLC, respectfully requests the following relief:

    a. Process issue against the Defendant Vessel, its engines, equipment, tackle, furnishings, and other appurtenances, etc. *in rem*.

    b. All persons having or claiming an interest in the Defendant Vessel be required to appear and answer the aforesaid matters.

    c. Plaintiff be decreed to have a lien upon the Defendant Vessel as alleged herein, and that said lien be foreclosed with law and that the Defendant Vessel be condemned and

sold in payment of the outstanding amount due, in addition to all other sums owed, and that Plaintiff be permitted to bid the amount of its lien at the sale of the Defendant Vessel.

    d.  The Court further award Plaintiff the total amount due, plus prejudgment interest and costs of this action, and that Plaintiff be permitted to recover same from the Defendant Vessel, *in rem*.

Dated:  July 1, 2024      Respectfully submitted,

            FIORILLI LAW GROUP, P.A.
            *Attorneys for Plaintiff*
            3001 West State Road 84, Third Floor
            Fort Lauderdale, Florida 33312
            Office: (954) 797-7719
            Direct: (561) 727-9337
            E-mail: justin@fiorillilaw.com
            E-mail: isaiah@fiorillilaw.com

            ***/s/ Justin S. Fiorilli***
            **JUSTIN S. FIORILLI, ESQ.**
            FL Bar No. 111481

## VERIFICATION

I, **CHRISTOPHER J. MARCHESANI**, declare under penalty of perjury:

1. I am over eighteen (18) years of age.

2. I am the Manager of Markee Marine, LLC, the Plaintiff in the above-styled action.

3. I have read the Verified Complaint and know the contents thereof, and the same is true to my own knowledge, except as to matters therein stated to be upon information and belief, and as to those matters, I believe them to be true.

4. I am authorized to make these representations on behalf of Markee Marine, LLC.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**FURTHER DECLARANT SAYETH NAUGHT.**

DocuSigned by:

*[signature]*

70F9E467126A4C9...

**CHRISTOPHER J. MARCHESANI**

7/1/2024

Date